# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLAVNIA

| | |
|---|---|
| RICHARD PELLERITO | ) Civil Action No. 22-cv-1300 |
| | ) |
| | ) *Filed Electronically* |
| Plaintiff | ) |
| | ) **NOTICE OF REMOVAL** |
| v. | ) |
| | ) |
| EXTRUDE HONE, LLC | ) |
| | ) Filed on Behalf of Defendant: |
| | ) Extrude Hone, LLC |
| | ) |
| Defendant. | ) Counsel of Record for this Party: |
| | ) Lawrence D. Kerr |
| | ) PA I.D. No. 58635 |
| | ) lkerr@westpalawyers.com |
| | ) Daniel N. Carr, Esq. |
| | ) PA I.D. No. 330516 |
| | ) dcarr@westpalawyers.com |
| | ) |
| | ) **TREMBA, KINNEY, GREINER &** |
| | ) **KERR, LLC** |
| | ) 302 West Otterman Street, |
| | ) Greensburg, PA 15601 |
| | ) (724)-838-7600 |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLAVNIA

| | |
|---|---|
| RICHARD PELLERITO ) | |
| ) | |
| ) | Civil Action No. |
| Plaintiff ) | |
| ) | Filed Electronically |
| v. ) | |
| ) | |
| EXTRUDE HONE, LLC ) | |
| ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Extrude Hone LLC, by and through its attorneys, Tremba, Kinney, Greiner and Kerr, LLC, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes and gives notice of the removal of the above-styled action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for Western District of Pennsylvania. In support thereof, Defendant states:

1. On August 17, 2022, Plaintiff Richard Pellerito ("Plaintiff") commenced a civil action against Defendant Extrude Hone LLC ("Extrude") in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned *Richard Pellerito v. Extrude Hone, LLC*, at Civil Division Docket No. GD-21-9760, by filing a praecipe for writ of summons. A copy of the docket sheet and all filings of record are attached as Exhibit A as required by 28 U.S.C. §1446(a).

2. The Allegheny County Prothonotary's docket reflects that, on September 16, 2021, October 18, 2021, November 16, 2021, and December 17, 2021, Plaintiff filed praecipes to reissue the writ. Exhibit A.

3. On December 22, 2021, Plaintiff mailed the attached writ of summons to an Extrude

manufacturing branch facility in Sterling Heights, Michigan. Exhibit A.

4. On August 26, 2022, Plaintiff mailed a copy of a complaint in civil action to the same Extrude branch facility. Extrude received the complaint on August 29, 2022. Exhibit A.

5. Without waiving defenses regarding the timeliness, validity and/or adequacy of service of process, Extrude has until September 28, 2022 to remove this civil action to federal district court because only service of a Pennsylvania civil action complaint, rather than a writ of summons, triggers the 30-day removal period. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214, 221-23 (3d Cir. 2005); *Maneri v. Starbucks Corp.*, 2017 WL 5885732, at *2 (E.D. Pa. Nov. 29, 2017); *Car Sense, Inc. v. Signet Financial Group, Inc.*, 2012 WL 13014938, at *2 (E.D. Pa. July 9, 2012); *Polanco v. Coneqtec Universal*, 474 F. Supp.2d 735, 737 (E.D. Pa. 2007); *Gladkikh v. Lyle Industries, Inc.*, 2006 WL 266100, at *2 (Mag. M.D. Pa. Feb. 1, 2006).

6. No further substantive proceedings have taken place since Extrude's receipt of the civil action complaint.

7. Plaintiff's three-count complaint alleges that Extrude violated: a) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, a federal statute, at Count One; b) the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951 *et seq.*, a state statute, at Count Two; and c) the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. § 12101 *et seq.*, a federal statute, at Count Three.

8. By asserting two claims under federal law, *viz.*, the ADEA and ADA, the complaint asserts federal questions under 28 U.S.C. § 1331. Accordingly, this civil action is removable under 28 U.S.C. § 1441(a) because this District Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. Further, this District Court has supplemental jurisdiction over Plaintiff's PHRA claim at Count Two because it is so related to Plaintiff's ADEA claim, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution. These claims share a "common nucleus of operative fact…such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims so related…that they form part of the same case or controversy under Article II of the United States Constitution." *Id.*

11. Plaintiff's PHRA claim at is premised upon the same facts as his ADEA claim. Therefore, his PHRA claim is properly removeable under this District Court's reasonable exercise of supplemental jurisdiction.

12. Moreover, there is no reason why this District Court should not exercise supplemental jurisdiction over Plaintiff's PHRA claim because it neither raises any novel or complex issues of state law, nor does it predominate over the claim over which this District Court has original jurisdiction, plus there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Accordingly, removal is proper under 28 U.S.C. § 1441(c).

13. In addition to federal question removal jurisdiction, this civil action is removeable under § 1441(a) because this District Court has original jurisdiction over all actions pursuant to 28 U.S.C. § 1332, which provides that district courts shall have original jurisdiction over all civil

actions where the matter is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *Id.*

14. Complete diversity of citizenship exists between the parties because Plaintiff is a citizen and resident of the State of New York. Complaint, ¶1. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Extrude is incorporated in the State of Delaware and its principal place of business is at 235 Industry Boulevard, Irwin, Pennsylvania.

15. While Extrude denies the validity of Plaintiff's claims and believes he is not entitled to any of the relief requested in his complaint, the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a).

16. In his complaint, Plaintiff contends he is entitled to lost income, lost employment benefits and financial security, damages to his reputation, embarrassment, inconvenience, shame, emotional distress, diminution in enjoyment of life, diminished ability to earn wages, attorney fees and costs. Complaint, ¶20. He seeks declaratory judgement, a permanent injunction, reinstatement, lost retirement benefits, pre-judgment interest on backpay, compensatory and punitive damages, attorney and expert fees, and costs. See *ad damnum* clauses, Complaint, ¶27, ¶32, ¶44. Though Extrude denies Plaintiff's claims have merit, Plaintiff seeks damages in excess of the jurisdictional amount of $75,000 necessary for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332, 1441.

17. Based on the foregoing, this District Court has original jurisdiction of this action because it states two federal questions, there is completed diversity of citizenship between the parties, plus the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Extrude has satisfied the requirements for removal. The Court of Common Pleas of Allegheny County, Pennsylvania is located within the jurisdiction of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 129(a). Accordingly, venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because it is the "district embracing the place where such action is pending." *Id.*

19. This Notice of Removal is timely because it is filed within 30 days after Defendant's receipt of the initial pleading (the complaint) setting for the claims for the relief upon which this action is based. 28 U.S.C. § 1446(b). Further, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(c) because it is filed within one year of the commencement of this civil action.

20. Pursuant to 28 U.S.C. § 1446(d), on the same day this Notice of Removal was filed with this District Court, a copy of this Notice, along with a Notice of Filing of Removal, is being served via regular mail and email upon counsel for Plaintiff at the address set forth in the complaint, to wit:  David M. Kobylinski, Esq., Pa. ID. 92233, and Peter T. Kobylinski, Esq., Pa. ID 309832, Kobylinski + Kobylinski, 515 Court Place, Suite 4, Pittsburgh PA, (412) 281-6600. On the same day, Extrude notified the Court of Common Pleas of Allegheny County of this Notice of Removal.  A copy of the Notice addressed to Plaintiff counsel and the Court of Common Pleas is attached as Exhibit B.

21. By filing this Notice of Removal, Extrude does not intend to waive any defenses to the claims in the complaint.

WHEREFORE, Defendant Extrude Hone LLC respectfully requests that the above-captioned case, now pending in the Court of Common Pleas of Allegheny County, Pennsylvania, be removed to this Honorable District Court.

Respectfully submitted,

TREMBA, KINNEY, GREINER & KERR, LLC

Date: September 9, 2022          By:   *Lawrence D. Kerr*
                                       Lawrence D. Kerr, Esq.
                                       PA I.D. #58635
                                       Counsel for Defendant
                                       lkerr@westpalawyers.com

                                       302 West Otterman Street
                                       Greensburg, PA 15601

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing NOTICE of REMOVAL was filed electronically on 9 September 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A true and correct copy of this Notice of Removal was also served via email and U.S. First Class Mail, postage prepaid, upon the following:

> David M. Kobylinski, Esq.
> Pa. ID No. 92233
> dave@koby.law
> Peter T. Kobylinski, Esq.
> Pa. ID No. 309832
> Kobylinski + Kobylinski
> 515 Court Place, Suite 4
> Pittsburgh PA 15219
> (412) 281-6600
> *(Counsel for Plaintiff)*

> Respectfully submitted,
>
> TREMBA, KINNEY, GREINER & KERR, LLC

Date: September 9, 2022    By:    *Lawrence D. Kerr*
                                   Lawrence D. Kerr, Esq.
                                   PA I.D. #58635
                                   Counsel for Defendant
                                   lkerr@westpalawyers.com

                                   302 West Otterman Street
                                   Greensburg, PA 15601