**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Richard Pellerito** ) | |
| ) | 2:22-cv-01300-DSC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **Extrude Hone, LLC**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AMENDED COMPLAINT

AND NOW come plaintiff Richard Pellerito, through counsel, who avers as follows:

## THE PARTIES

1. Plaintiff Richard Pellerito is an adult individual and resides at 340 South Indiana Avenue, Watertown, NY 13601. Plaintiff is a disabled 53-year-old man.

2. Defendant Extrude Hone LLC is a corporation and conducts its general business operations at 235 Industry Boulevard. Irwin, Pittsburgh, PA 15642.

3. Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because defendant conducts business herein on a regular and continuing basis.

## ADMINISTRATIVE PREREQUISITES

4. Plaintiffs timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of his disability and age. Plaintiff dual filed his Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5. Plaintiff received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission and this action was commenced within the 90-day deadline set forth by that letter.

## STATEMENT OF THE FACTS

6. Plaintiff is a disabled man and was born on November 15, 1965.

7. Plaintiff was 53 years of age at the time he was terminated from his employment with defendant.

8. Plaintiff prior to his employment being terminated, Plaintiff had been employed by the defendant for over 14 years.

9. On or around April 3, 2020 was laid off by the defendant purportedly due to the COVID-19 economic shutdown.

10. Plaintiff was told he would be able to return to work within the next six months, otherwise his layoff would be permanent.

11. While the plaintiff was laid off, he was informed that the defendant had brought in multiple younger employees to perform his duties.

12. Upon information and belief, the defendant hired an individual under the age of 40 to replace the plaintiff.

13. Prior to being laid off, the plaintiff was the most experienced person in his department.

14. In March of 2013, the plaintiff suffered an injury to his cervical spine during the course of his employment.

15. As a result, plaintiff requested various reasonable accommodations for his work.

16. These requests were reasonable as the defendant had accommodated the plaintiff for approximately seven years prior to April of 2020.

17. Plaintiff believes and therefore avers that the younger employee who replaced him does not require such accommodations.

18. Plaintiff believes and therefore avers that he was discriminated against due to his disability and age.

19. Plaintiff further believes and avers that he was terminated due to his disability and age.

## INJURIES AND DAMAGES

20. As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

    a. Plaintiff lost income, employment benefits and financial security;

    b. Plaintiff suffered damage to their reputation;

    c. Plaintiff developed, suffered and continue to suffer from embarrassment, shame and emotional distress;

    d. Plaintiff suffered and continue to suffer from a diminution in enjoyment of her life;

    e. Plaintiff's ability to earn wages have been diminished and continues to be diminished; and

    f. Attorneys' fees and costs.

## COUNT ONE – DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

21. All preceding paragraphs are incorporated herein as if set forth at length.

22. Plaintiff is a member of a protected class under the ADEA.

23. Plaintiff was born on November 15, 1966 and was 53 years of age at the time of suffering an adverse employment action.

24. Plaintiff was discriminated against because he was an "older" employee who had seniority and should have had higher wages.

25. Plaintiff was discriminated against by Defendant by terminating his employment because of his age.

26. Upon information and belief Defendant filled all positions that Plaintiff was denied and/or terminated from with less qualified, less experienced, and younger employees.

27. Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.

b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.

c) The immediate assignment of Plaintiff to such position as they would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiffs would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of compensatory damages.

g) The award of liquidated damages.

h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## **COUNT TWO – DISCRIMINATION UNDER PHRA**

28. The prior paragraphs of this Complaint are incorporated herein by reference.

29. At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

30. At all time material to this complaint Defendant was an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

31. The acts of Defendant constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of his disability and age.

32. As a direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff requests the following:

   a. The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

   b. The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of age and disability.

   c. The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

   d. The award of any pre-judgment interest on any back pay.

   e. The award of compensatory damages.

   f. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

   g. The award of such other relief as may be just and proper.

### COUNT THREE DISABILITY DISCRIMINATION UNDER ADA

33. The prior paragraphs of this Complaint are incorporated herein by reference.

34. Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

35. With reasonable accommodation the plaintiff could perform the essential functions of the position of engineer in manufacturing and design.

36. Defendant by its conduct, has engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq*.

37. These practices included refusing to bring the plaintiff back with reasonable accommodation and discharging the plaintiff from his employment in favor of an employee that did not require accommodations.

38. Depriving the plaintiff that could perform his duties with these accommodations.

39. It is believed and therefore averred that these unlawful practices were intentional on the part of the defendant.

40. It is believed and therefore averred that the defendant intentionally discriminated against plaintiff because of his accommodations and protection under the Americans with Disabilities Act.

41. These unlawful practices were committed by the defendant to deprive the plaintiff of his rights under the United States Constitution, the laws of the United States and the Commonwealth of Pennsylvania.

42. These practices have caused plaintiff to suffer damages and have deprived plaintiff of equal employment opportunities and have otherwise adversely affected plaintiff because of his disability.

43. As a direct result of the injuries sustained by plaintiff, plaintiff is entitled to damages as set forth in the above paragraphs.

44. Because the discriminatory treatment of plaintiff by defendants was willful or in reckless disregard of plaintiff's civil rights plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of defendants and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADA.

b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of disability.

c) The immediate assignment of Plaintiff to such position as he would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of compensatory damages.

g) The award of punitive damages.

h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

**JURY TRIAL IS DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

      /s/ Peter T. Kobylinski      
Peter T. Kobylinski, Esquire
PA ID No.:  309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated:  September 20, 2022                 *Attorneys for Plaintiff*