IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RICHARD PELLERITO**,                    )
                                          )
            Plaintiff,          )
                                          )
     v.                             )          2:22cv1300
                                          )          **Electronic Filing**
**EXTRUDE HONE, LLC**,                    )
                                          )
            Defendant.          )

## MEMORANDUM ORDER

AND NOW, this 1st day of July, 2024, upon due consideration of plaintiff's motion for partial summary judgment and the parties' submission in conjunction therewith, IT IS ORDERED that [28] the motion be, and the same hereby is, denied.

"Where the party moving for summary judgment is the plaintiff, or the party who bears the burden of proof at trial, the standard is more stringent." National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992).  The Court of Appeals for the Third Circuit has explained that "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Id. (citing Resolution Trust Corp. v. Gill, 960 F.2d 336, 340 (3d Cir. 1992)).  "In determining whether the movant has satisfactorily established that there is no genuine issue of material fact, courts must keep in mind that 'inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Rosen v. Bezner, 996 F.2d 1527, 1530 (3d Cir. 1993) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

Although the factual record highlighted by plaintiff appears to contain sufficient evidence to support a finding that defendant acted for the attributed purpose of revamping its engineering department with two younger workers and thus replaced plaintiff with one of those workers

under the guise of a reduction in force, it falls short of establishing that this is the only

determination the trier of fact can make.  Consequently, plaintiff has not met his heightened

burden of establishing entitlement to summary judgment on his claim for age discrimination.


                                                    s/David Stewart Cercone
                                                    David Stewart Cercone
                                                    Senior United States District Judge


cc:     David M. Kobylinski, Esquire
        Peter T. Kobylinski, Esquire
        Lawrence D. Kerr, Esquire
        Daniel N. Carr, Esquire

        (*Via CM/ECF Electronic Mail*)

2